# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| JAMEL WARREN | : | No. 15-376-5 |

## MEMORANDUM

PRATTER, J.                                                                                                            JANUARY 6, 2021

      Jamel Warren seeks compassionate release from imprisonment. He invokes 18 U.S.C. § 3582(c)(1)(A)(i). The primary basis for Mr. Warren's motion is the COVID-19 pandemic and attendant conditions relating to the pandemic as they may affect him. The Government opposes Mr. Warren's motion. For the following reasons, the Court denies the motion.

### BACKGROUND

      For roughly six years, Mr. Warren helped manage a large-scale drug trafficking organization that brought in large quantities of cocaine and marijuana to the Philadelphia area. (Doc. No. 759 at 1.) In May 2016, Mr. Warren was charged in a superseding indictment with conspiracy to distribute five kilograms or more of cocaine and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (Count 1); distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count 9); attempt to possess with intent to distribute 500 grams or more of cocaine and aiding and abetting, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count 10); possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count 11); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 12). (Doc. No. 176.)

In April 2017, pursuant to a written "C" plea agreement, Mr. Warren pled guilty to these counts. (Doc. No. 374.) The parties agreed, among other things, to a stipulated sentence of 240 months' imprisonment and 10 years of supervised release. (Doc. No. 374 at 4.) In December 2017, the Court sentenced Mr. Warren to the stipulated sentence. (Doc. No. 469.) Mr. Warren is currently serving his sentence at FCI Fairton, with an anticipated release date of May 4, 2032. (Doc. No. 759 at 3.)

## LEGAL STANDARD

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007). However, a defendant can move to reduce his or her term of imprisonment under 18 U.S.C. § 3582(c)(1)(A). In order to do so, the defendant must first request that the BOP file a motion on his or her behalf,[1] which can only occur after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Mr. Warren filed his motion for compassionate release on October 21, 2020. (Doc. No. 747.) Mr. Warren contends that his hypertension, for which he is prescribed medication, puts him at an increased risk of severe illness from COVID-19. However, the Court cannot assess the substantive merits of Mr. Warren's motion because, based on the record before the Court, it appears that he has failed to exhaust his administrative remedies as provided for in 18 U.S.C.

---

[1] "The recently enacted First Step Act allows 'incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons.'" *United States v. Perri*, No. 15-cr-486, 2020 WL 6324384, at *2 (E.D. Pa. Oct. 28, 2020) (quoting *United States v. Mark*, No. 10-cr-742-1, 2020 WL 5801495, *1 (E.D. Pa. Sept. 29, 2020)).

§ 3582(c)(1)(A). The Third Circuit Court of Appeals has "conclude[d] that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance" in light of "BOP's shared desire for a safe and healthy prison environment." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). It also noted that a defendant's failure to satisfy the statutory exhaustion requirement "presents a glaring roadblock foreclosing compassionate release at this point." *Id.*

Mr. Warren states in his motion that he exhausted his administrative remedies by submitting a request to his facility's warden on May 29, 2020. He asserts that a copy of his submission is attached as an exhibit to his motion. He further alleges that he never received a response. (Doc. No. 747 at 5, 20.) However, the Government, while acknowledging Mr. Warren's averment and exhibits, asserts that the BOP has no record of receiving Mr. Warren's request. (Doc. No. 759 at 4, 6.) Mr. Warren has long been aware of the Government's argument as to his failure to exhaust the administrative remedies, but it appears he has not undertaken to either reach out to the institution concerning his submission or to re-submit a request to the warden. In light of the representation that the facility has no record of any request from Mr. Warren, and given the Court's non-discretionary mandate to strictly comply with the express statutory administrative exhaustion requirement, the Court must deny Mr. Warren's motion at this time. He can, of course, revisit the process.

## CONCLUSION

For the foregoing reasons, the Court denies Mr. Warren's motion for compassionate release without prejudice to renew after he has properly documented that he exhausted his request for compassionate release with the Bureau of Prisons. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**