**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMEL WARREN | CRIMINAL ACTION<br>NO. 15-376-5 |

**Pappert, J.**                                                                                          **May 29, 2026**

## <u>MEMORANDUM</u>

Jamel Warren is serving a 240-month prison sentence related to his participation in a drug-trafficking conspiracy, and he moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  The Court denies the motion.[1]

### I

For roughly six years, Warren helped manage a large-scale drug trafficking organization that brought in large quantities of cocaine and marijuana to the Philadelphia area.  *United States v. Warren*, No. 15-376-5, 2021 WL 65484, at *1 (E.D. Pa. Jan. 6, 2021).  The Government charged him in May of 2016 with conspiracy to distribute five kilograms or more of cocaine and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) (Count 1); distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count 9); attempt to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) (Count 10); possession with intent to distribute 500 grams or more of

---

[1]        On April 15, 2026, the Court allowed Warren to file a supporting memorandum on or before May 1.  (Apr. 15, 2026 Order, Dkt. No. 949.)  Five days after that deadline, he moved for an extension until May 24, *see* (Mot. to Enlarge Time, Dkt. No. 950), which the Court granted and gave him until May 26 to file his supporting memorandum, (May 11, 2026 Ord., Dkt. No. 951.)  He never did so.

cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count 11); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 12). *Id.*

In April of 2017, Warren pled guilty to those counts. (Guilty Plea Agreement, Dkt. No. 374.) The parties agreed, among other things, to a stipulated sentence of 240 months' imprisonment and ten years of supervised release. (*Id.* at 4.) The Court sentenced Warren to the stipulated sentence on December 17, 2017, (Sent'g, Dkt. No. 468), which he is currently serving at FCI Fairton with an anticipated release date of May 4, 2032, (Gov't Resp in Opp'n at 3, Dkt. No. 759.)

## II

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But the Court may grant "compassionate release" by reducing a defendant's sentence only if: (1) extraordinary and compelling reasons warrant a reduction, (2) a reduction is consistent with any applicable Sentencing Commission policy statements and (3) the applicable 18 U.S.C. § 3553(a) sentencing factors support relief. 18 U.S.C. § 3582(c)(1)(A); *United States v. Rutherford*, 120 F.4th 360, 364 (3d Cir. 2024).

## A

Before reducing a sentence, the Court must initially find that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i) (citation modified). Section 3582(c)(1)(A) does not define "extraordinary and compelling reasons," *see United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021), but Congress delegated the task of defining this phrase to the Sentencing Commission, *see* 28 U.S.C. § 994(t). In 2023, the Commission issued a policy statement that identified six

2

extraordinary and compelling reasons: (1) the defendant's medical circumstances, (2) his age, (3) his family circumstances, (4) being a "victim of abuse," (5) "other reasons" and (6) an "unusually long sentence."  U.S. Sent'g Guidelines Manual § 1B1.13(b) (U.S. Sent'g Comm'n 2025).  Warren apparently contends (1), (5) and (6) apply.

1

A defendant's medical circumstances may be extraordinary and compelling where he is suffering from: (1) "a terminal illness," (2) "a serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover,"[2] or (3) "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."  U.S.S.G. § 1B1.13(b)(1).

None of these circumstances apply to Warren.  He claims to suffer from "an underlying, undiagnosed medical condition that presents as high blood pressure," which the Bureau of Prisons Health Services has purportedly refused to treat.  (Mot. for Reduction in Sentence at 3, Dkt. No. 940.)  That is incorrect.  In 2025, Warren had two clinical encounters with Health Services, one for a rash in his groin area and another for hypertension.  (BOP Health Servs. at 1, Dkt. No. 945.)  Medical providers gave him nystatin cream for the rash and lisinopril and amlodipine for the hypertension.  (*Id.* at 3.)  An optometrist saw Warren to assess if he had "any BP related compromise on his retinal vasculature and retinal health overall," *see* (*id.* at 5), and another doctor

---

[2]    Warren does not allege he is "suffering from a serious functional or cognitive impairment" or "experiencing deteriorating physical or mental health because of the aging process."  U.S.S.G. § 1B1.13(b)(1)(B)(ii)–(iii).  Even so, he cannot show his medical circumstances substantially diminish his ability to provide self-care.  *Id.*

reviewed his labs for irregularities, *see* (*id.* at 1, 3–4). Health Services then counseled Warren on his treatment, diet, and exercise, noting it would provide more testing or consulting if he wanted. *See* (*Id.* at 4).

More to the point, Warren's hypertension is not a "terminal illness" because he provides no evidence that it has a "serious and advanced illness with an end-of-life trajectory," *see* U.S.S.G. § 1B1.13(b)(1)(A) (defining "terminal illness"). Nor does he cite anything to suggest his condition diminishes his ability to provide "self-care," which refers to his ability to "provide for his own activities of daily living." *United States v. Millhouse*, No. 6-285-1, 2025 WL 1285814, at *7 (E.D. Pa. May 2, 2025) (citation omitted and modified). He alleges only that his condition affects "the activities of daily living" and prevents him from "meaningful recreation and exercise for fear of the detrimental effects." (Mot. for Reduction in Sentence at 3); *United States v. Fager*, No. 16-293, 2025 WL 2325662, at *3 (E.D. Pa. Aug. 12, 2025) ("As long as the Prison is able to monitor and manage an inmate's medical conditions with medication, no extraordinary and compelling reason exists for the inmate's release."); *United States v. Pigford*, No. 20-414, 2023 WL 2285825 at * 3 (E.D. Pa. Feb. 28, 2023) ("Chronic conditions managed in a Facility are not a sufficient basis for compassionate release."); *United States v. Gomez-Moreira*, No. 20-cr-151, 2024 WL 245640, at *3 (E.D. Cal. Jan. 23, 2024) ("Diagnoses for chronic conditions, which are treatable by the BOP, such as diabetes, hyperlipidemia, and hypertension, do not establish extraordinary and compelling reasons that merit compassionate release."). BOP is providing him with long-term and specialized medical care for hypertension, and he never shows he is at risk of serious deterioration.

4

He also says the food at FCI Fairton has contributed to his condition, *see* (Mot. for Reduction in Sentence at 3), but complaints about the conditions of his confinement are "not properly raised in his compassionate release motion," *see United States v. Iglesias*, No. 4-647, 2021 WL 183306, at *3 (E.D. Pa. Jan. 19, 2021) (citation modified); *United States v. Buckman*, No. 14-540-1, 2020 WL 4201509, at *5 (E.D. Pa. July 22, 2020) (same).

2

Nor does Warren cite any other reasons justifying compassionate release. Subsection (b)(5) provides that extraordinary and compelling reasons may exist when "[t]he defendant presents any other circumstances or combination of circumstances that . . . are similar in gravity to those described in paragraphs (1) through (4)."  U.S.S.G. § 1B1.13(b)(5).  He claims he has "made all reasonable efforts to . . . maintain a positive institutional adjustment during his incarceration," served most of his sentence, taken classes to advance his education, and had "relatively benign" infractions.  (Mot. for Reduction in Sentence at 3.)  The Court commends Warren for his progress, but "Congress has explicitly instructed that a defendant's rehabilitation 'shall not be considered an extraordinary and compelling reason.'"  *United States v. Carter*, 711 F. Supp. 3d 428, 441 (E.D. Pa. 2024) (quoting 28 U.S.C. § 994(t)).

3

Finally, Warren is not serving an "unusually long sentence."  Subsection (b)(6) provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an

extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Warren believes his sentence under 21 U.S.C. §§ 841 and 846 "is now rendered unconstitutional as the 21 U.S.C. § 851 proceedings used to establish previous convictions implicated prior convictions that aren't legally valid for such purposes any longer." (Mot. for Reduction in Sentence at 3.) It's not clear what that means. To the extent he takes issue with state court convictions being predicate crimes for a sentencing enhancement, a motion for compassionate release is the wrong vehicle for that argument.[3] *United States v. Shabazz*, No. 6-710-1, 2025 WL 332541, at *4 (E.D. Pa. Jan. 29, 2025) (collecting cases); *see also United States v. Wilson*, No. 22-2606, 2022 WL 15431188, at *2 n.1 (3d Cir. Oct. 27, 2022) (per curiam) ("[Section] 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity.").

With respect to any argument that his sentence was unusually long, that too fails. Warren agreed his sentence was "the appropriate disposition of this case." (Presentence Investigation Rep. ¶ 7.) The Court calculated his base offense level at 36 based on Warren distributing at least 3,000 kilograms of marijuana, possessing a dangerous weapon, and making credible threats to use violence. (*Id.* ¶ 166.) Accounting for his money laundering, managerial role and timely acceptance of responsibility, his total offense level was 38. (*Id.* ¶¶ 167–75.) In addition, his prior

---

[3] As the Supreme Court recently held, "[c]hallenging the validity of a conviction through a compassionate release motion circumvents the exacting requirements of § 2255." *Fernandez v. United States*, No. 24-556, --- S. Ct. ----, 2026 WL 1485476, at *6 (May 28, 2026) (footnote omitted).

convictions corresponded with a criminal history category of VI. (*Id.* ¶¶ 177–86.)  At offense level 38 with criminal history category VI, the advisory guidelines range was 360 months to life, (*id.* ¶ 226), well above the ultimate sentence the Court imposed, *cf. United States v. Hampton*, No. 15-302-2, 2024 WL 37948, at \*2 (E.D. Pa. Jan. 3, 2024) (finding that a sentence within the Sentencing Guideline range "is not unusually long"); *United States v. Reed*, No. 16-153-1, 2026 WL 1022412, at \*3 (E.D. Pa. Apr. 15, 2026) ("[The defendant] received a 240-month sentence pursuant to a . . . plea agreement, and that sentence was already far below the PSR's effective guideline range of 322 to 387 months.").

## B

Even if Warren could establish extraordinary and compelling reasons, compassionate release must also be consistent with the Sentencing Commission's policy statement, *Rutherford*, 120 F.4th at 364, which requires the Court to determine he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(a)(2).  The factors under § 3142(g) are: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person" and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

The nature and circumstances of Warren's offenses, and the weight of the evidence against him, mandate his continued incarceration.  From 2009 to 2015, he participated in a large-scale drug trafficking conspiracy which distributed at least fifteen kilograms of cocaine and 1,000 kilograms of marijuana.  (PSR ¶ 8.)  He admitted

to managing and supervising the conspiracy. (*Id.* ¶ 9.) He directed couriers to transport drugs and money on commercial flights between California and Philadelphia, opened bank accounts to deposit drug proceeds, and used those proceeds to purchase drugs and cover drug-related expenses. *See* (*Id.* ¶¶ 46–50, 71–74, 88, 95, 103).

Warren's history and characteristics, along with the danger he poses to the community, require ongoing detention. He has prior convictions for carrying firearms on public streets; carrying a firearm without a license; intentional possession of a controlled substance; manufacture, delivery or possession with intent to manufacture or deliver a controlled substance; forgery; and retail theft. (*Id.* ¶¶ 177–86.) And he borrowed a gun to threaten someone who owed $7,000 in drug proceeds to the conspiracy. *See* (*Id.* ¶ 166 n.16).

C

Finally, reducing Warren's 240-month sentence would contravene the § 3553(a) sentencing factors. *United States v. Pawlowski*, 967 F.3d 327, 330–31 (3d Cir. 2020). Section 3553(a) directs a court to consider, among other things, the history and characteristics of the defendant, the nature and circumstances of the offense, and the need for the sentence to promote respect for the law, reflect the seriousness of the offense, provide just punishment, deter criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed medical care and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a); *Pawlowski*, 967 F.3d at 329–30. Again, Warren's offenses and his criminal history weigh strongly against his early release. *See supra* Section II.B.

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.